UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:20-CR-00705 AGF |
| MICHAELA BOYSTER, | ) |
| Defendant. | ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

1. **PARTIES**:

The parties are the defendant MICHAELA BOYSTER, represented by defense counsel GARY LAUBER, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA**:

Pursuant to Rule 11(c)(1)(A) and (C), of the Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count Two of the Indictment, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

In addition, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, if the defendant successfully completes the Sentencing Alternatives Improving Lives (SAIL) program, the parties agree that the government will move for the dismissal of the charge. The parties agree if defendant does not successfully complete the SAIL Program, the correct Sentencing Guideline calculations are contained in paragraph 7 and the Government will request a guideline sentence. The defendant may request a sentence below the guideline range.

3. **PARTIES' AGREEMENTS CONCERNING THE SENTENCING ALTERNATIVES IMPROVING LIVES (SAIL) PROGRAM**

The defendant agrees to:

a) participate in the Sentencing Alternative Improving Lives (SAIL) program, pursuant to the terms set forth in the SAIL Contract for Participation attached as Exhibit A;

b) appear for all court appearances, including all SAIL Program appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

c) not commit any crime;

d) be truthful at all times with Pretrial Services, the United States Probation Office, and the Court;

The United States Attorney's Office for the Eastern District of Missouri agrees to:

a) consent to the defendant's participation in the SAIL Program, pursuant to the terms set forth in the SAIL Program Contract for Participation attached as Exhibit A;

b) if the defendant successfully completes the SAIL Program, (i) join in a motion to permit defendant to withdraw the guilty plea entered by defendant pursuant to this agreement,

and (ii) move to dismiss as against defendant the count to which defendant entered a guilty plea pursuant to this agreement.

    c) if defendant does not successfully complete the SAIL Program: (i) abide by all agreements regarding sentencing contained in this agreement; (ii) at the time of sentencing, the Government will recommend the sentence in Paragraph 2 for defendant's unsuccessful completion of the SAIL Program.

4.   **ELEMENTS**:

As to Count Two, the defendant admits to knowingly violating Title 18, United States Code, Section 922(a)(6), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

    **(i)**     Dunn's Sporting Goods Company, Inc., was a federally licensed firearms dealer;

    **(ii)**     In connection with the acquisition of a firearm from Dunn's Sporting Goods Company, Inc., the defendant made a false oral or written statement;

    **(ii)**     The defendant knew the statement was false; and

    **(iii)**     The false statement was material; that is, the false statement had a natural tendency to influence, or was capable of influencing Dunn's Sporting Goods Company, Inc., into believing that the firearm could be lawfully sold to the defendant.

5.   **FACTS**: The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

During the course of an investigation in a separate matter, the defendant and co-defendant Austin Suraud were identified as suspects. On July 1, 2020, law enforcement went to co-defendant Suraud's residence at 3229 Five Oaks Drive, in Arnold, within the Eastern District of Missouri, to contact him. Officers observed co-defendant Suraud outside the residence and after he went back inside, the officers knocked on the door. Co-defendant Suraud answered the door and was taken into custody. The defendant was also at the residence and was taken into custody as well. During a protective sweep of the residence, officers observed a rifle box under co-defendant Suraud's bed, a buttstock in an open dresser drawer, a rifle hanging from the unfinished ceiling of co-defendant Suraud's bedroom, along with an extended magazine loaded with 55 rounds. These items were immediately seized, as officers were aware of co-defendant Suraud's status as a convicted felon. Co-defendant Suraud was advised of his *Miranda* rights and consented to a search of his bedroom. During the search, officers found a tan rifle magazine, 24 rounds of 5.56 ammunition, 1 round of Winchester 270 ammunition, and a firearm bill of sale dated January 17, 2018.

When questioned, co-defendant Suraud admitted to possessing the rifle found in his bedroom. He admitted that the defendant bought the gun for him because he was a felon and could not buy it himself.

During the defendant's interview, she admitted that she was aware of co-defendant Suraud's criminal history and that he was not allowed to be around or own firearms. She also admitted that she filled out the paperwork to purchase it in her name because co-defendant Suraud could not. She further admitted that co-defendant Suraud paid for the firearm.

Police later obtained a search warrant for the defendant's iPhone. On the phone were messages that appear to be sent between the defendant and co-defendant Suraud. In one of the messages, the defendant states that she has done so much for co-defendant, including letting him get a gun under her name.

The firearm was sent to the Saint Louis County Police Department Crime Laboratory for analysis by a firearms expert. The firearm was evaluated and determined to be a Smith & Wesson M&P-15 model, 5.56 x 45 mm caliber rifle bearing serial number TN69133. The rifle was determined by an expert firearms examiner to have been manufactured outside the State of Missouri, and therefore, the rifle had been transported across state lines and in interstate commerce prior to or during the defendant's possession. The rifle was tested and found capable of expelling a projectile by the action of an explosive and, therefore, is a "firearm" as defined under federal law.

6.   **STATUTORY PENALTIES**:

The defendant fully understands that the maximum possible penalty provided by law for the crime in Count Two of the Indictment, to which the defendant is pleading guilty, is imprisonment of not more than ten years, a fine of not more than $250,000, or both such imprisonment and fine.  The Court also may impose a period of supervised release of not more than three years.

In certain situations under Title 18, United States Code, Section 924(e) (Armed Career Criminal), the defendant may be subject to a mandatory minimum sentence of imprisonment of fifteen (15) years and a maximum of life, a fine of not more than $250,000, or both such

imprisonment and fine, and a term of supervised release of not more than five years. The defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to the defendant's sentence.

7.      **U. S. SENTENCING GUIDELINES: 2021 MANUAL:**

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. To assist the Court in determining the impact of the plea agreement, the parties submit the following U.S. Sentencing Guidelines analysis:

   A.     **Chapter 2 Offense Conduct:**

   i.      **Base Offense Level:** The parties agree that the Base Offense Level for Count One is found in Section 2K2.1(a), and depends on, among other things, the nature of the defendant's criminal history and the characteristics of the firearm. The Base Offense Level may also be determined under Section 4B1.4 if the defendant is determined to be an Armed Career Criminal.

   ii.     **Specific Offense Characteristics:** The parties agree that no Specific Offense Characteristics apply.

   B.     **Chapter 3 Adjustments:**

   i.      **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because the defendant has

6

clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because the defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if the defendant does not abide by all of the agreements made within this document, the defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that the defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of the defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with the defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

      ii.    **Other Adjustments:** The parties have no further agreement regarding any other adjustments.

      C.    **Estimated Total Offense Level:** The parties agree that the Total Offense Level will depend on the Base Offense Level determined pursuant to Section 2K2.1(a), along with other relevant factors stated above, unless the defendant is an Armed Career Criminal. Depending on the underlying offense and the defendant's criminal history, the defendant could be an Armed

Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4. If the Court finds the defendant is an Armed Career Criminal, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not an Armed Career Criminal.

        **D.**    **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

        **E.**    **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made above but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

8.    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**:

    a.    **Appeal**: The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1) **Non-Sentencing Issues**: The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

(2) **Sentencing Issues**: In the event the Court accepts the plea and, in sentencing the defendant follows the sentencing agreement in paragraph 2, then, as part of this agreement, the parties hereby waive all rights to appeal all sentencing issues.

b. **Habeas Corpus**: The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c. **Right to Records**: The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

9. **OTHER:**

a. **Disclosures Required by the United States Probation Office**:

The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies**:

9

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release**: Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

d. **Mandatory Special Assessment**: Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

e. **Fines, Restitution and Costs of Incarceration and Supervision**: The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the

10

parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

      f.    **Forfeiture**: The defendant agrees to forfeit all of the defendant's interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of the defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. The defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United States and to rebut the claims of nominees and/or alleged third party owners. The defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

10.    **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS**:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the entire case against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant

further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

11.     **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT**:

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges that the defendant has voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

12.     **CONSEQUENCES OF POST-PLEA MISCONDUCT**:

After pleading guilty and before sentencing, if defendant commits any crimes, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States will be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

13.     **NO RIGHT TO WITHDRAW GUILTY PLEA**:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring or as set forth in Paragraph 2 above.

10/4/2022
Date

8/30/22
Date

8/30/22
Date

Dianna R. Collins
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

MICHAELA BOYSTER
Defendant

GARY LAUBER
Attorney for Defendant

13